**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA BROGAN-DAWLEY,**

               **Plaintiff,**　　　　　　　5:09-cv-456
　　　　　　　　　　　　　　　　　　　　　　　　　　　(GLS\GHL)
               **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

               **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky, Shurtliff Law Firm | HOWARD OLINSKY, ESQ. |
| 300 S. State Street, 5th Floor | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | MICHELLE L. CHRIST |
| United States Attorney | KIMBERLY L. SCHIRO |
| 445 Broadway | Special Assistant U.S. Attorney |
| James T. Foley U.S. Courthouse | |
| Albany, NY 12207-2924 | |
| | |
| STEPHEN P. CONTE | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiff Linda Brogan-Dawley challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) In a Report-Recommendation (R&R) filed July 13, 2010, Magistrate Judge George H. Lowe recommended that the Commissioner's decision be affirmed and Brogan-Dawley's complaint be dismissed.[1] (Dkt. No. 16.) Pending are Brogan-Dawley's objections to the R&R. (Dkt. No. 17.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

### II. **Background**[2]

On July 27, 2005, Linda Brogan-Dawley filed an application for DIB under the Social Security Act (SSA). (*See* Def. Br. at 1, Dkt. No. 12.) After her application was denied, Brogan-Dawley requested a hearing before an Administrative Law Judge (ALJ), which was held on September 11, 2007.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (*See* Dkt. No. 13.)

[2] The court incorporates the factual recitations of the parties and Judge Lowe. (*See* Dkt. Nos. 12, 15, 16; *see also* Admin. Tr., Dkt. No. 9.)

2

(*See* R&R at 1, Dkt. No. 16.)  On September 25, 2007, the ALJ issued a decision denying the requested benefits after determining that Brogan-Dawley was not disabled from the alleged onset date of December 1, 2002, through the date last insured of June 30, 2004.  (*See id.* at 1-2.)  Upon appeal of the ALJ's decision, the Appeals Council granted Brogan-Dawley's request for review and issued a "corrective unfavorable decision" on February 18, 2009, finding that she was not disabled (*See id.* at 2.)

Brogan-Dawley commenced the present action by filing a complaint on April 16, 2009, seeking judicial review of the Commissioner's determination.  (*See* Dkt. No. 1.)  After receiving the parties' briefs, Judge Lowe issued an R&R recommending dismissal of Brogan-Dawley's complaint.  (*See generally* R&R, Dkt. No. 16.)  In response, Brogan-Dawley filed objections to the R&R.  (*See* Dkt. No. 17.)

### III. <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court routinely reviews all report and recommendation

3

orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

## IV. Objections

Brogan-Dawley raises three specific objections to the R&R, which the court will review de novo. The remainder of the R&R will be reviewed for clear error.

### A. Severe Back Impairment, Knee Arthritis, Diabetes, and Obesity

First, Brogan-Dawley objects to Judge Lowe's conclusion that substantial evidence supports the ALJ's finding that her back impairment, knee arthritis, diabetes, and obesity were not severe. (*See* Pl. Objections at 1, Dkt. No. 17.) This objection is without merit.

### 1. Back Impairment

Brogan-Dawley argues that the ALJ erred by not finding that her back

4

problems constituted a severe impairment.  (*See* Pl. Objections at 2, Dkt. No. 17.)  However, Brogan-Dawley did not first report experiencing back pain to her treating physician until March 14, 2005, which is after the date last insured of June 30, 2004.  (Tr. at 304.)  The following week, on March 21, she reported that the pain in her back was "better" and also described her lifestyle as "very active."  (Tr. at 302.)  In light of the records regarding Brogan-Dawley's treatment prior to the date last insured, (*see, e.g.*, Tr. at 348-49 (noting that Brogan-Dawley "state[d] that she ha[d] no complaint of pain, stiffness or limitation of movement" in her back)), the court is satisfied that the ALJ's determination that Brogan-Dawley's back impairments were not severe prior to the date last insured is supported by substantial evidence.  Accordingly, Judge Lowe's recommendation to affirm the ALJ's findings regarding severity is adopted.

**2.    Knee Arthritis**

Brogan-Dawley cursorily argues that the ALJ erred by not finding that her knee arthritis constituted a severe impairment.  (*See* Pl. Objections at 3, Dkt. No. 17.)  Although she first complained of joint pain in February and April of 2004, Brogan-Dawley generally exhibited no weakness, numbness, instability, or limitations of movement in her extremities, joints, and

5

muscles. (Tr. at 334, 339.) And approximately four months after the date last insured, Brogan-Dawley was reporting that her joint pain had "resolved" and she was feeling "much better." (Tr. at 320.) Accordingly, because substantial evidence supports the ALJ's determination that Brogan-Dawley's knee arthritis was not a severe impairment, the recommendation to affirm that determination is adopted.

**3.   Diabetes**

With similar cursory treatment but less factual support, Brogan-Dawley argues that it was improper for Judge Lowe to uphold the ALJ's finding that Brogan-Dawley's diabetes was not severe prior to the date last insured. (*See* Pl. Objections at 3, Dkt. No. 17.) The court rejects this argument as it is based on speculation and diagnoses and treatment notes that postdate the date last insured. Therefore, for the reasons outlined in the R&R, (*see* R&R at 10, Dkt. No. 16), the court affirms the ALJ's finding that Brogan-Dawley's diabetes was not a severe impairment.

**4.   Obesity**

Brogan-Dawley also contends that Judge Lowe failed to apply the appropriate legal standards because the record contained evidence of obesity which triggered the ALJ's duty to evaluate it in accordance with the

6

appropriate standards. (*See* Pl. Objections at 3-4, Dkt. No. 17.) As discussed by Judge Lowe, this contention is neither legally nor factually supported. (*See* R&R at 11-12, Dkt. No. 16.) The only evidence that was received regarding Brogan-Dawley's alleged obesity were the treatment notes of Dr. Jay Sullivan, which describe Brogan-Dawley's abdomen as obese. (Tr. at 313, 345.) The record contains no evidence and Brogan-Dawley offered no evidence—testimonial or otherwise—from which the ALJ could find or even infer that Brogan-Dawley's obesity was severe. Consequently, the court adopts Judge Lowe's recommendation to affirm the ALJ's determination that Brogan-Dawley's obesity did not constitute a severe impairment prior to the date last insured.

## B.     Treating Physician Rule

Second, Brogan-Dawley asserts that the ALJ failed to apply the appropriate legal standards in evaluating Brogan-Dawley's treating physician's opinion by not recontacting Dr. Sullivan for clarification. (*See* Pl. Objections at 4-5, Dkt. No. 17.) The court disagrees. First, the relevant period of treatment was very brief, since Brogan-Dawley only visited Dr. Sullivan three times prior to the date last insured. Second, during those three visits, Brogan-Dawley was not treated for any of the severe

7

impairments she claims are preventing her from her work.  Instead, the first two visits related to her asthma and the third a skin condition.  (Tr. at 331-32, 340-43.)  And third, Brogan-Dawley fails to suggest, and the court is unable to discern, how Dr. Sullivan's treatment notes were inadequate.  Therefore, because the ALJ did not err by not recontacting Dr. Sullivan, the court adopts Judge Lowe's finding of no error.

## C.     Residual Functional Capacity and Vocational Expert

Lastly, Brogan-Dawley contends that the ALJ's residual functional capacity (RFC) assessment is not supported by substantial evidence and that a vocational expert should have been consulted regarding the transferability of Brogan-Dawley's skills and the erosion of the available job base.  (*See* Pl. Objections at 6, Dkt. No. 17.)  This contention must fail as it is overcome by the Appeals Council's corrective actions.  The Appeals Council corrected the ALJ's RFC determination, concluding that Brogan-Dawley was able to perform a full range of light work and could therefore "perform [her] past relevant work as a sporting store manager as it is generally performed in the national economy." (Tr. at 5-6.)  And in reaching this conclusion, the Appeals Council consulted the Dictionary of Occupational Titles.  (Tr. at 5.)  Accordingly, the court adopts Judge Lowe's

8

recommended affirmance of the Appeals Council's findings.

## V. Conclusion

Having addressed Brogan-Dawley's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Lowe's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Brogan-Dawley's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 6, 2011
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge